UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>              Plaintiffs,<br><br>    v.<br><br>CANACCORD GENUITY, INC. and CANACCORD GENUITY CORP.,<br><br>              Defendants. | Civil Action No. 16-CV-8298<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR TRIAL BY JURY** |

## PLAINTIFFS' COMPLAINT

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively "Plaintiffs"), by and through their undersigned counsel, as and for their complaint against Canaccord Genuity, Inc. ("CG") and Canaccord Genuity Corp. ("CGC") (collectively "Defendants") based on personal knowledge and upon information and belief, as appropriate, allege as follows:

### INTRODUCTION

1.    Plaintiffs bring this civil action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* ("Copyright Act"), for willful infringement of Plaintiffs' registered copyrighted works.

### THE PARTIES

2.    Plaintiff EIG is a Delaware corporation with its principal place of business located at 270 Madison Avenue, Suite 302, New York, New York 10016-2807.

3.    Plaintiff EIG UK is a United Kingdom limited company with its principal place of

business located at Interpark House, 7 Down Street, London, W1J 7AN United Kingdom.

4.      Upon information and belief, Defendant CG is a foreign corporation organized and existing under the laws of Delaware with its principal place of business located at 350 Madison Avenue, New York, New York 10017.

5.      Upon information and belief, Defendant CGC is a foreign corporation organized and existing under the laws of Ontario, Canada, with its principal place of business located at 609 Granville Street, Vancouver, British Columbia V7Y 1H2, Canada.  Upon information and belief, Defendant CGC's parent company, Canaccord Genuity Group, Inc., acquired Genuity Capital Markets, a corporation with offices in both Canada and the United States in 2010.  Upon information and belief, Defendant CGC assumed all assets and liabilities of Genuity Capital Markets.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this dispute pursuant to Section 501, *et seq.* of the Copyright Act of 1976, 17 U.S.C. §501 et seq. and  28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant CG because CG is a foreign business corporation registered to do business in the state of New York, and has designated an agent for service of process c/o CT Corporation System, 111 Eight Avenue, New York, New York 10011. Upon information and belief, CG's principal place of business is located at 350 Madison Avenue, New York, New York 10017 and it is currently doing business at this address.

8.      Upon information and belief, this Court has personal jurisdiction over Defendant CGC because (i) CGC has transacted business in the State of New York by entering into contracts with EIG governed by and construed under New York law for the purchase of subscriptions to the publications that Defendants are alleged to have infringed in this lawsuit, (ii) CGC has sent numerous email communications to EIG in New York to manage, update and renew its

subscriptions to the publications Defendants are alleged to have infringed in this lawsuit over a period of thirteen (13) years and Plaintiffs' invoices instructed Defendants to submit payment directly to Plaintiff EIG's New York office and, upon information and belief, Defendants have regularly submitted payment, (iii) Defendant CGC engages in this persistent course of conduct in New York State including forwarding and transmitting Plaintiffs' copyrighted materials to CG, located in this District and should have reasonably expected its acts of copyright infringement as alleged in the Complaint to have consequences in New York State and this District, (iv) CGC committed the acts of copyright infringement alleged in this Complaint within the State of New York and this District by forwarding or otherwise transmitting Plaintiffs' copyrighted materials to CG, located in this District, and (v) CGC, upon information and belief, committed the acts of copyright infringement alleged in the Complaint causing injury to Plaintiff EIG whose principal place of business is in New York and in this District.

9.     Venue is proper in this District as, upon information and belief, a substantial part of the events or omissions giving rise to Plaintiffs' claims, being the acts of copyright infringement alleged in this Complaint, occurred in New York, New York. 28 U.S.C. § 1391(b)(2). Additionally, venue is proper in this District as Defendant CG resides within this District. 28 U.S.C. §1400(a).

## FACTUAL BACKGROUND

### A.     THE PLAINTIFFS' BUSINESS

10.    Plaintiffs, and their predecessors-in-interest, have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six decades. In particular, Plaintiffs and their predecessors-in-interest have published the daily newsletter *Oil Daily* ("OD") since at least as early as 1951.  A representative copy of the December 17, 2015 issue of OD is attached hereto as Exhibit A.  Plaintiffs and their predecessors-in-interest have

also published the weekly newsletter *Petroleum Intelligence Weekly* ("PIW") since at least as early as 1962.  A representative copy of the December 14, 2015 issue of PIW is attached hereto as Exhibit B.  Plaintiff EIG and its predecessor-in-interest have published the weekly newsletter *Natural Gas Week* ("NGW") since at least as early as 1985.  A representative copy of the December 14, 2015 issue of NGW is attached hereto as Exhibit C.

11.     Plaintiffs' newsletters provide news and analysis covering the key developments and trends in the North American energy industry, as well as the global oil and gas industries.

12.     The market for Plaintiffs' publications, including OD, PIW, and NGW consists of individuals and entities with an interest in the oil and gas industries, including consultants, bankers, investors, stock market analysts, traders, commodity analysts and others who follow or work in these industries or sell goods and services to those in or following these industries.

13.     Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the energy, oil and gas industries through OD, PIW and NGW, and their other publications.  Plaintiffs have invested significant time and resources to develop their publications and services, including OD, PIW and NGW.

14.     Plaintiffs' publications do not feature or have any advertisements or sponsors and, therefore, Plaintiffs are highly dependent on paid subscriptions to sustain the viability of their publications.

15.     Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty reporters, editors, and analysts at seven editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai and Singapore.

16.     The original content and analysis created by Plaintiffs, and included in OD, PIW, and NGW as well as Plaintiffs' other original publications, are valuable assets. Plaintiffs also publish other original publications, in addition to OD, PIW, and NGW including, but not limited to:

*Energy Compass;*
*Energy Intelligence Briefing;*
*EI Finance;*
*International Oil Daily;*
*Jet Fuel Intelligence;*
*LNG Intelligence;*
*Nefte Compass;*
*Oil Market Intelligence;*
*Nuclear Intelligence Weekly;*
*World Gas Intelligence;*
*EI New Energy;*
*Gas Market Reconnaissance;*
*Petroleum Intelligence Weekly Data Source;*
*Oil Market Intelligence Data Source;*
*Natural Gas Weekly Data Source;*
*World Gas Intelligence Data Source;*
*Nefte Compass Data Source;* and
*EI New Energy Data Source.*

17.     Plaintiffs have developed an invaluable reputation for their high journalistic standards and the reliability of the content of all of their publications, including OD, PIW, and NGW.

18.     In order for third parties to regularly benefit from Plaintiffs' analytical and creative content contained in Plaintiffs' original publications, including OD, PIW, and NGW, Plaintiffs offer various subscriptions or license agreements to access the valuable content contained therein.

19.     Various subscription options are available to interested parties depending on their respective needs.  Interested parties who enter into a subscription or license agreement with Plaintiffs typically obtain Plaintiffs' publications, including OD, PIW, and NGW, by email and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues.  Plaintiffs' website also provides the individual articles in OD, PIW and NGW separately from the respective publications.

20.     Interested parties that do not maintain a subscription or license agreement may purchase individual articles appearing in either OD, PIW, NGW or any of Plaintiffs' other publications, as

well as archived articles, using Plaintiffs' pay-per-article service. The license fee per article, per copy, is $9.00 for articles also appearing in OD, $24.00 for articles also appearing in PIW, and $24.00 for articles also appearing in NGW, respectively. The license fee for this pay-per-article service is multiplied by the number of copies of the requested article to calculate the total licensing fee.

21.    Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of either OD, PIW, NGW or any of Plaintiffs' other publications, including archived issues, from Plaintiffs using Plaintiffs' pay-per-issue service. The license fee per issue, per copy, is $95.00 for OD, $395.00 for PIW, and $395.00 for NGW, respectively. The license fee for this pay-per-issue service is multiplied by the number of copies of the requested issue to calculate the total licensing fee.

## B.    PLAINTIFFS' COPYRIGHTS

22.    Plaintiffs EIG and EIG UK are the exclusive copyright owners in, and to, numerous original works of authorship including, without limitation, the issues of the OD and PIW publications and the articles contained therein and independently available.

23.    Plaintiff EIG is the exclusive copyright owner in, and to, numerous original works of authorship including, without limitation, the issues of the NGW publication and the articles contained therein and independently available.

24.    Among other copyright registrations, Plaintiffs are the owners of the following U.S. Copyright Registrations covering the issues and articles of OD that are listed below and are attached hereto as Exhibit D ("OD Copyrighted Works").

- No. TX 6-789-191 for Volume 62 covering 417 articles as separate and independent works in the 22 collective works published in July 2012;
- No. TX 6-774-762 for Volume 62 covering 429 articles as separate and independent works in the 23 collective works published in August 2012;

- No. TX 6-774-760 for Volume 62 covering 410 articles as separate and independent works in the 20 collective works published in September 2012;
- No. TX 6-790-254 for Volume 62 covering 437 articles as separate and independent works in the 22 collective works published in October 2012;
- No. TX 6-790-255 for Volume 62 covering 417 articles as separate and independent works in the 22 collective works published in November 2012;
- No. TX 7-676-538 for Volume 62 covering 390 articles as separate and independent works in the 20 collective works published in December 2012;
- No. TX 7-676-528 for Volume 63 covering 409 articles as separate and independent works in the 22 collective works published in January 2013;
- No. TX 7-744-517 for Volume 63 covering 376 articles as separate and independent works in the 20 collective works published in February 2013;
- No. TX 7-744-541 for Volume 63 covering 369 articles as separate and independent works in the 20 collective works published in March 2013;
- No. TX 7-726-260 for Volume 63 covering 397 articles as separate and independent works in the 22 collective works published in April 2013;
- No. TX 7-726-259 for Volume 63 covering 395 articles as separate and independent works in the 23 collective works published in May 2013;
- No. TX 7-726-232 for Volume 63 covering 364 articles as separate and independent works in the 20 collective works published in June 2013;
- No. TX 7-989-343 for Volume 63 covering 385 articles as separate and independent works in the 23 collective works published in July 2013;
- No. TX 7-946-126 for Volume 63 covering 367 articles as separate and independent works in the 22 collective works published in August 2013;
- No. TX 7-898-912 for Volume 63 covering 339 articles as separate and independent works in the 21 collective works published in September 2013;
- No. TX 7-991-979 for Volume 63 covering 369 articles as separate and independent works in the 23 collective works published in October 2013;
- No. TX 8-068-878 for Volume 63 covering 378 articles as separate and independent works in the 21 collective works published in November 2013;
- No. TX 8-058-300 for Volume 63 covering 331 articles as separate and independent works in the 21 collective works published in December 2013;
- No. TX 7-962-816 for Volume 64 covering 357 articles as separate and independent works in the 22 collective works published in January 2014;
- No. TX 7-990-336 for Volume 64 covering 323 articles as separate and independent works in the 20 collective works published in February 2014;
- No. TX 7-993-575 for Volume 64 covering 335 articles as separate and independent works in the 21 collective works published in March 2014;
- No. TX 7-934-103 for Volume 64 covering 318 articles as separate and independent works in the 21 collective works published in April 2014;
- No. TX 7-966-215 for Volume 64 covering 352 articles as separate and independent works in the 21 collective works published in May 2014;
- No. TX 7-982-542 for Volume 64 covering 349 articles as separate and independent works in the 21 collective works published in June 2014;
- No. TX 8-050-420 for Volume 64 covering 376 articles as separate and independent works in the 23 collective works published in July 2014;

- No. TX 8-086-895 for Volume 64 covering 328 articles as separate and independent works in the 21 collective works published in August 2014;
- No. TX 8-029-377 for Volume 64 covering 347 articles as separate and independent works in the 22 collective works published in September 2014;
- No. TX 8-110-455 for Volume 64 covering 365 articles as separate and independent works in the 23 collective works published in October 2014;
- No. TX 8-060-210 for Volume 64 covering 331 articles as separate and independent works in the 20 collective works published in November 2014;
- No. TX 8-109-803 for Volume 64 covering 369 articles as separate and independent works in the 22 collective works published in December 2014;
- No. TX 8-051-089 for Volume 65 covering 349 articles as separate and independent works in the 21 collective works published in January 2015;
- No. TX 8-178-073 for Volume 65 covering 327 articles as separate and independent works in the 21 collective works published in February 2015;
- No. TX 8-178-063 for Volume 65 covering 333 articles as separate and independent works in the 23 collective works published in March 2015;
- No. TX 8-149-237 for Volume 65 covering 328 articles as separate and independent works in the 21 collective works published in April 2015;
- No. TX 8-180-407 for Volume 64 covering 306 articles as separate and independent works in the 20 collective works published in May 2015;
- No. TX 8-205-565 for Volume 65 covering 334 articles as separate and independent works in the 22 collective works published in June 2015;
- No. TX 8-205-582 for Volume 65 covering 354 articles as separate and independent works in the 23 collective works published in July 2015;
- No. TX 8-236-144 for Volume 65 covering 304 articles as separate and independent works in the 21 collective works published in August 2015;
- No. TX 8-235-733 for Volume 65 covering 319 articles as separate and independent works in the 22 collective works published in September 2015;
- No. TX --------- for Volume 65 covering 347 articles as separate and independent works in the 23 collective works published in October 2015 (application pending);
- No. TX --------- for Volume 65 covering 312 articles as separate and independent works in the 21 collective works published in November 2015 (application pending);
- No. TX --------- for Volume 65 covering 329 articles as separate and independent works in the 22 collective works published in December 2015 (application pending);
- No. TX --------- for Volume 66 covering 312 articles as separate and independent works in the 20 collective works published in January 2016 (application pending);
- No. TX --------- for Volume 66 covering 342 articles as separate and independent works in the 21 collective works published in February 2016 (application pending);
- No. TX --------- for Volume 66 covering 295 articles as separate and independent works in the 22 collective works published in March 2016 (application pending);
- No. TX --------- for Volume 66 covering 303 articles as separate and independent works in the 21 collective works published in April 2016 (application pending);
- No. TX --------- for Volume 66 covering 325 articles as separate and independent works in the 21 collective works published in May 2016 (application pending);
- No. TX --------- for Volume 66 covering 339 articles as separate and independent works in the 22 collective works published in June 2016 (application pending);

- No. TX --------- for Volume 66 covering 307 articles as separate and independent works in the 21 collective works published in July 2016 (application pending);
- No. TX --------- for Volume 66 covering 311 articles as separate and independent works in the 23 collective works published in August 2016 (application pending); and
- No. TX --------- for Volume 66 covering 308 articles as separate and independent works in the 22 collective works published in September 2016 (application pending).

25.    Plaintiffs have applied to the U.S. Copyright Office for copyright registration of various

OD publications, including those published from October of 2015 through September of 2016.

Those applications that have not yet matured to registration are currently pending before

the Copyright Office.

26.    Among other copyright registrations, Plaintiffs are the owners of the following U.S.

Copyright Registrations covering the issues and articles of PIW that are listed below and are

attached hereto as Exhibit E ("PIW Copyrighted Works").

- No. TX 7-660-936 for Volume 51 covering 118 articles as separate and independent works in the 5 collective works published in July 2012;
- No. TX 7-615-883 for Volume 51 covering 90 articles as separate and independent works in the 4 collective works published in August 2012;
- No. TX 7-614-540 for Volume 51 covering 95 articles as separate and independent works in the 4 collective works published in September 2012;
- No. TX0 8-054-492 for Volume 51 covering 112 articles as separate and independent works in the 5collective works published in October 2012;
- No. TX0 8-054-625 for Volume 51 covering 92 articles as separate and independent works in the 4 collective works published in November 2012;
- No. TX 7-690-109 for Volume 51 covering 94 articles as separate and independent works in the 4 collective works published in December 2012;
- No. TX 7-690-163 for Volume 52 covering 95 articles as separate and independent works in the 4 collective works published in January 2013;
- No. TX 7-707-499 for Volume 52 covering 96 articles as separate and independent works in the 4 collective works published in February 2013;
- No. TX 7-707-574 for Volume 52 covering 95 articles as separate and independent works in the 4collective works published in March 2013;
- No. TX 7-732-158 for Volume 52 covering 112 articles as separate and independent works in the 5 collective works published in April 2013;
- No. TX 7-732-176 for Volume 52 covering 96 articles as separate and independent works in the 4 collective works published in May 2013;
- No. TX 8-126-491 for Volume 52 covering 93 articles as separate and independent works in the 4 collective works published in June 2013;
- No. TX 7-764-090 for Volume 52 covering 118 articles as separate and independent works in the 5collective works published in July 2013;

- No. TX 7-759-230 for Volume 52 covering 96 articles as separate and independent works in the 4collective works published in August 2013;
- No. TX --------- for Volume 52 covering 119 articles as separate and independent works in the 5 collective works published in September 2013 (application pending);
- No. TX 7-808-539 for Volume 52 covering 96 articles as separate and independent works in the 4 collective works published in October 2013;
- No. TX 7-955-129 for Volume 52 covering 90 articles as separate and independent works in the 4 collective works published in November 2013;
- No. TX 7-808-959 for Volume 52 covering 96 articles as separate and independent works in the 4 collective works published in December 2013;
- No. TX 7-852-542 for Volume 53 covering 88 articles as separate and independent works in the 4collective works published in January 2014;
- No. TX 7-890-770 for Volume 53 covering 79 articles as separate and independent works in the 4 collective works published in February 2014;
- No. TX 7-927-058 for Volume 53 covering 90 articles as separate and independent works in the 5 collective works published in March 2014;
- No. TX 7-891-100 for Volume 53 covering 73 articles as separate and independent works in the 4 collective works published in April 2014;
- No. TX 7-941-642 for Volume 53 covering 75 articles as separate and independent works in the 4 collective works published in May 2014;
- No. TX 7-942-475 for Volume 53 covering 95 articles as separate and independent works in the 5 collective works published in June 2014;
- No. TX 7-933-072 for Volume 53 covering 73 articles as separate and independent works in the 4collective works published in July 2014;
- No. TX 7-943-808 for Volume 53 covering 71 articles as separate and independent works in the 4 collective works published in August 2014;
- No. TX 7-958-639 for Volume 53 covering 89 articles as separate and independent works in the 5 collective works published in September 2014;
- No. TX 8-037-924 for Volume 53 covering 72 articles as separate and independent works in the 4 collective works published in October 2014;
- No. TX0 7-985-840 for Volume 53 covering 77 articles as separate and independent works in the 4 collective works published in November 2014;
- No. TX0 7-993-949 for Volume 53 covering 73 articles as separate and independent works in the 4collective works published in December 2014;
- No. TX --------- for Volume 54 covering 71 articles as separate and independent works in the 4collective works published in January 2015 (application pending);
- No. TX --------- for Volume 54 covering 76 articles as separate and independent works in the 4 collective works published in February 2015 (application pending);
- No. TX --------- for Volume 54 covering 90 articles as separate and independent works in the 5 collective works published in March 2015 (application pending);
- No. TX 8-150-385 for Volume 54 covering 70 articles as separate and independent works in the 4 collective works published in April 2015;
- No. TX 8-164-702 for Volume 54 covering 74 articles as separate and independent works in the 4 collective works published in May 2015;
- No. TX 8-137-586 for Volume 54 covering 92 articles as separate and independent works in the 5 collective works published in June 2015;
- No. TX 8-163-973 for Volume 54 covering 72 articles as separate and independent works

in the 4 collective works published in July 2015;

- No. TX 8-169-891 for Volume 54 covering 96 articles as separate and independent works in the 5 collective works published in August 2015;
- No. TX 8-169-894 for Volume 54 covering 75 articles as separate and independent works in the 4 collective works published in September 2015;
- No. TX --------- for Volume 54 covering 76 articles as separate and independent works in the 4 collective works published in October 2015 (application pending);
- No. TX --------- for Volume 54 covering 99 articles as separate and independent works in the 5 collective works published in November 2015 (application pending);
- No. TX --------- for Volume 54 covering 78 articles as separate and independent works in the 4 collective works published in December 2015 (application pending);
- No. TX 8-228-009 for Volume 55 covering 54 articles as separate and independent works in the 3 collective works published in January 2016;
- No. TX 8-228-248 for Volume 55 covering 90 articles as separate and independent works in the 5 collective works published in February 2016;
- No. TX --------- for Volume 55 covering 71 articles as separate and independent works in the 4 collective works published in March 2016 (application pending);
- No. TX --------- for Volume 55 covering 70 articles as separate and independent works in the 4 collective works published in April 2016 (application pending);
- No. TX --------- for Volume 55 covering 88 articles as separate and independent works in the 5 collective works published in May 2016 (application pending);
- No. TX --------- for Volume 55 covering 68 articles as separate and independent works in the 4 collective works published in June 2016 (application pending);
- No. TX --------- for Volume 55 covering 70 articles as separate and independent works in the 4 collective works published in July 2016 (application pending);
- No. TX --------- for Volume 55 covering 92 articles as separate and independent works in the 5 collective works published in August 2016 (application pending); and
- No. TX --------- for Volume 55 covering 68 articles as separate and independent works in the 4 collective works published in September 2016 (application pending).

27.     Plaintiffs have applied to the U.S. Copyright Office for copyright registration of various

PIW publications, including those published in September of 2013, January through March of

2015, October through December of 2015 and March through September of 2016. Those

applications that have not yet matured to registration are currently pending before

the Copyright Office.

28.     Among other copyright registrations, Plaintiff EIG is the owner of the following U.S.

Copyright Registrations covering the issues and articles of NGW that are listed below and are

attached hereto as Exhibit F ("NGW Copyrighted Works").

- Nos. TX 7-547-965 and TX 7-664-057 for Volume 28 covering 173 articles as separate and independent works in the 5 collective works published in July 2012;
- No. TX 7-615-848 for Volume 28 covering 131 articles as separate and independent works in the 4 collective works published in August 2012;
- No. TX 7-614-509 for Volume 28 covering 133 articles as separate and independent works in the 4 collective works published in September 2012;
- No. TX0 8-054-500 for Volume 28 covering 162 articles as separate and independent works in the 5collective works published in October 2012;
- No. TX0 8-054-516 for Volume 28 covering 134 articles as separate and independent works in the 4 collective works published in November 2012;
- No. TX 7-690-101 for Volume 28 covering 165 articles as separate and independent works in the 5 collective works published in December 2012;
- No. TX 7-690-170 for Volume 29 covering 142 articles as separate and independent works in the 4 collective works published in January 2013;
- No. TX 7-707-489 for Volume 29 covering 140 articles as separate and independent works in the 4 collective works published in February 2013;
- No. TX 7-704-668 for Volume 29 covering 136 articles as separate and independent works in the 4 collective works published in March 2013;
- No. TX 7-729-230 for Volume 29 covering 174 articles as separate and independent works in the 5 collective works published in April 2013;
- No. TX 7-732-224 for Volume 29 covering 134 articles as separate and independent works in the 4 collective works published in May 2013;
- No. TX 7-729-068 for Volume 29 covering 129 articles as separate and independent works in the 4 collective works published in June 2013;
- No. TX0 7-759-289 for Volume 29 covering 162 articles as separate and independent works in the 5 collective works published in July 2013;
- No. TX 7-759-092 for Volume 29 covering 132 articles as separate and independent works in the 4 collective works published in August 2013;
- No. TX 7-893-687 for Volume 29 covering 164 articles as separate and independent works in the 5 collective works published in September 2013;
- No. TX 7-808-532 for Volume 29 covering 132 articles as separate and independent works in the 4 collective works published in October 2013;
- No. TX 7-995-200 for Volume 29 covering 133 articles as separate and independent works in the 4 collective works published in November 2013;
- No. TX 7-809-217 for Volume 29 covering 156 articles as separate and independent works in the 5 collective works published in December 2013;
- No. TX 7-875-065 for Volume 30 covering 132 articles as separate and independent works in the 4 collective works published in January 2014;
- No. TX 7-890-593 for Volume 30 covering 133 articles as separate and independent works in the 4 collective works published in February 2014;
- No. TX 7-931-297 for Volume 30 covering 163 articles as separate and independent works in the 5 collective works published in March 2014;
- No. TX 7-890-783 for Volume 30 covering 134 articles as separate and independent works in the 4 collective works published in April 2014;
- No. TX 7-941-627 for Volume 30 covering 136 articles as separate and independent works in the 4 collective works published in May 2014;
- No. TX 7-950-876 for Volume 30 covering 167 articles as separate and independent

works in the 5 collective works published in June 2014;

- No. TX 7-934-488 for Volume 30 covering 134 articles as separate and independent works in the 4 collective works published in July 2014;
- No. TX 7-933-036  for Volume 30 covering 135 articles as separate and independent works in the 4 collective works published in August 2014;
- No. TX 7-958-666 for Volume 30 covering 170 articles as separate and independent works in the 5 collective works published in September 2014;
- No. TX0 7-969-658 for Volume 30 covering 137 articles as separate and independent works in the 4 collective works published in October 2014;
- No. TX0 7-985-943 for Volume 30 covering 136 articles as separate and independent works in the 4 collective works published in November 2014;
- No. TX0 7-985-796 for Volume 30 covering 164 articles as separate and independent works in the 5 collective works published in December 2014;
- No. TX ------- for Volume 31 covering 141 articles as separate and independent works in the 4 collective works published in January 2015 (application pending);
- No. TX ------- for Volume 31 covering 134 articles as separate and independent works in the 4 collective works published in February 2015 (application pending);
- No. TX ------- for Volume 31 covering 162 articles as separate and independent works in the 5 collective works published in March 2015 (application pending);
- No. TX 8-150-367 for Volume 31 covering 135 articles as separate and independent works in the 4 collective works published in April 2015;
- No. TX 8-164-711 for Volume 31 covering 132 articles as separate and independent works in the 4 collective works published in May 2015;
- No. TX 8-137-567 for Volume 31 covering 161 articles as separate and independent works in the 5 collective works published in June 2015;
- No. TX 8-163-983 for Volume 31 covering 134 articles as separate and independent works in the 4 collective works published in July 2015;
- No. TX 8-169-879 for Volume 31 covering  164 articles as separate and independent works in the 5 collective works published in August 2015;
- No. TX 8-170-148 for Volume 31 covering 132 articles as separate and independent works in the 4 collective works published in September 2015;
- No. TX --------- for Volume 31 covering 130 articles as separate and independent works in the 4 collective works published in October 2015 (application pending);
- No. TX --------- for Volume 31 covering 157 articles as separate and independent works in the 5 collective works published in November 2015 (application pending);
- No. TX --------- for Volume 31 covering 131 articles as separate and independent works in the 4 collective works published in December 2015 (application pending);
- No. TX 8-227-977 for Volume 32 covering 123 articles as separate and independent works in the 4 collective works published in January 2016 (application pending);
- No. TX 8-228-239 for Volume 32 covering 155 articles as separate and independent works in the 5 collective works published  in February 2016 (application pending);
- No. TX --------- for Volume 32 covering 124 articles as separate and independent works in the 4 collective works published in March 2016 (application pending);
- No. TX --------- for Volume 32 covering 126articles as separate and independent works in the 4 collective works published in April 2016 (application pending);
- No. TX --------- for Volume 32 covering 147 articles as separate and independent works in the 5 collective works published in May 2016 (application pending);

- No. TX --------- for Volume 32 covering 122 articles as separate and independent works in the 4 collective works published in June 2016 (application pending);
- No. TX --------- for Volume 32 covering 126 articles as separate and independent works in the 4 collective works published in July 2016 (application pending);
- No. TX --------- for Volume 32 covering 149 articles as separate and independent works in the 5 collective works published in August 2016 (application pending); and
- No. TX --------- for Volume 32 covering 124 articles as separate and independent works in the 4 collective works published in September 2016 (application pending).

29.     Plaintiff EIG has applied to the U.S. Copyright Office for copyright registration of various NGW publications, including those published in January through March of 2015, October through December of 2015 and March through September of 2016. Those applications that have not yet matured to registration are currently pending before the Copyright Office.

30.     Plaintiffs have complied with the laws pertinent to providing notice of Plaintiffs' copyrights in, and to, the OD Copyrighted Works, the PIW Copyrighted Works and the NGW Copyrighted Works.  Specifically, Plaintiffs provide copyright notices and warnings on its website, emails, articles and publications, including OD, PIW and NGW, so that third parties are aware of Plaintiffs' rights in their publications and works of original authorship (the "Copyright Notice and Warnings").  As a representative example, the Copyright Notice and Warnings contained in the email transmitting the December 17, 2015 OD Copyrighted Work state:

> Copyright (c) 2015 Energy Intelligence Group, Inc.  All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence.  Contact customerservice@energyintel.com for more information.

As a representative example, a true and accurate copy of the Copyright Notice and Warning contained in the email transmitting the December 17, 2015 OD Copyrighted Work is attached hereto as Exhibit A.

31.     As an additional representative example, the Copyright Notice and Warnings on the front cover of the December 17, 2015 OD Copyrighted Work, on the front cover of the December 14, 2015 PIW Copyrighted Work and on the front cover of the December 14, 2015 NGW Copyrighted Work expressly state:

> Copyright © 2015 Energy Intelligence Group. All rights reserved. Unauthorized access or electronic forwarding, even for internal use, is prohibited.

> (Exhibit A, at 3, Exhibit B, at 1, and Exhibit C, at 1).

32.     As a further representative example, the Copyright Notice and Warnings set forth in the masthead of the December 17, 2015 OD Copyrighted Work, of the December 14, 2015 PIW Copyrighted Work and of the December 14, 2015 NGW Copyrighted Work specifically state:

> Copyright © 2015 by Energy Intelligence Group, Inc. [. . .] All rights reserved. Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence. Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement. Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.

> (Exhibit A, at 8, Exhibit B, at 2, and Exhibit C, at 15).

33.     Based on these representative examples of Copyright Notice and Warnings, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401(a)-(c).  Accordingly, Defendants knew, or should have known, that the December 17, 2015 OD Copyrighted Work, the December 14, 2015 PIW Copyrighted Work, and the December 14, 2015 NGW Copyrighted Work, and all other issues of the OD works, PIW works, and NGW works received by Defendants, including the OD Copyrighted Works, the PIW Copyrighted Works, and the NGW Copyrighted Works, were protected by U.S. copyright laws.

34.     Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiffs have provided Defendants with complete and proper notice of Plaintiffs' copyrights in the OD Copyrighted Works and the PIW Copyrighted Works, and Plaintiff EIG's copyrights in the NGW Copyrighted Works.

**C.     DEFENDANTS' SUBSCRIPTION HISTORY**

      1. Defendants' Subscriptions to OD and NGW

35.     Defendant CGC's subscriptions to OD and NGW and the articles therein began on or about June 5, 2003.

36.     From June 5, 2003 until about April 2010, Defendant CGC, through its predecessor-in-interest, Canaccord Capital Corp. ("CCC"), received one (1) copy of OD per day and one (1) copy of NGW per week via email delivery.  Concurrently, from October 26, 2005 until about April 2010 (excluding a four (4) month period), Genuity Capital Markets ("GCM") received one (1) copy of OD per day and one (1) copy of NGW per week via email delivery.

37.     On or about August 21, 2006, Genuity Capital Markets elected to receive NGW and the articles in each issue by web access delivery.  On or about December 19, 2006, the delivery method was changed from web access delivery to email delivery.

38.     Upon information and belief, on or about April 2010, Defendant CGC's parent company, Canaccord Genuity Group, Inc., acquired Genuity Capital Markets, a corporation with offices in both Canada and the United States.  Upon information and belief, Defendant CGC assumed all assets and liabilities of Genuity Capital Markets and assumed Genuity Capital Markets' subscriptions to both OD and to NGW.  On or about November 16, 2010, the subscription for the Genuity Capital Markets' subscriptions to OD and to NGW was changed, from "Genuity Capital Markets" to "Canaccord Genuity".

39.     Upon information and belief, CCC ceased to exist in 2010 and the business activities of CCC were subsumed into CGC.

40.     From on or about April 2010 until May 21, 2012, Defendant CGC received two (2) single-copy subscriptions to OD (i.e. two (2) copies of OD per day) and two (2) single-copy subscriptions to NGW (i.e. two (2) copies of NGW per week) via email delivery.

41.     On or about August 22, 2011, Defendant CGC elected to change the designated recipient of one (1) of its single-copy subscriptions to OD and one (1) of its single-copy subscriptions to NGW to Ms. Lisa McCarthy.  Then, on or about May 9, 2012, Ms. McCarthy was designated as the recipient of the second single-copy subscription to OD and the second single-copy subscription to NGW.

42.     On or about May 21, 2012, Defendant CGC cancelled one (1) of its single-copy subscriptions to OD and one (1) of its single-copy subscriptions to NGW. Defendant CGC maintained a single-copy subscription to OD and a single-copy subscription to NGW, which have been renewed on an annual basis since 2012.  Both single-copy subscriptions to OD and to NGW are due to expire on November 14, 2016.

43.     On or about July 10, 2012, Defendant CGC changed the designated recipient of the single-copy subscription to OD and the single-copy subscription to NGW and the articles in each issue from Ms. McCarthy to Ms. Christy Valette by email delivery to cvalette@canaccordgenuity.com.  Ms. Valette remains the designated recipient of the OD and NGW subscriptions to this date.

44.     Beginning as early as 2003, Plaintiffs transmitted to Defendant CGC, or to its predecessors-in-interest, Genuity Capital Markets and CCC, invoices and subscription agreements on an annual basis for the renewal of its single-copy subscriptions to OD, PIW, NGW and the articles therein (the "Subscription Agreement(s)").

45.     The Subscription Agreements sent to Defendant CGC on September 18, 2015 for renewal

of its single-copy subscription to OD and its single-copy subscription to NGW and the articles

therein (the "OD Agreement" and the "NGW Agreement") which were in effect as of December

17, 2015, when Plaintiffs first learned of Defendants' unauthorized use of Plaintiffs' copyrighted

works, specifically stated that "[b]y payment hereof, you hereby acknowledge receipt, review

and acceptance of Energy Intelligence's Terms and Conditions shown below."  A true and

correct copy of the OD Agreement and the NGW Agreement are annexed hereto as Exhibit G.

46.     The Subscription Agreements entered into by Defendant CGC and its predecessors-in-

interest, Genuity Capital Markets and CCC, for each year that they subscribed to OD and NGW

further emphasized that copying is not permitted and that unauthorized copying constitutes a

violation of the Copyright Act.  The Agreement, which was in effect on December 17, 2015,

explicitly states that: "All unauthorized reproductions, or disseminations or other uses of material

contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or

other proprietary and intellectual property rights."  Exhibit G at 4 and 9.

            2. Defendants' Subscription to PIW

47.     Defendant CGC's single-copy subscription to PIW and the articles therein began on or

about June 5, 2003, which has been subsequently renewed on an annual basis.

48.     Beginning on or about June 5, 2003, Defendant CGC, through its predecessor-in-interest

CCC, received its single-copy subscription to PIW and the articles therein by email delivery

49.     On or about July 9, 2012, Defendant CGC changed the designated recipient of the single-

copy subscription to PIW and the articles in each issue to Ms. Christy Valette by email delivery

to cvalette@canaccordgenuity.com.  Ms. Valette remains the designated recipient of the PIW

subscription to this date.

50.     The Subscription Agreement sent to Defendant CGC on June 4, 2015 for renewal of its

single-copy subscription to PIW and the articles therein (the "PIW Agreement"), which was in

effect as of December 17, 2015, when Plaintiffs first learned of Defendants' unauthorized use of

Plaintiffs' copyrighted works, specifically stated that "[b]y payment hereof, you hereby

acknowledge receipt, review and acceptance of Energy Intelligence's Terms and Conditions

shown below."  A true and correct copy of the PIW Agreement is annexed hereto as Exhibit H.

51.     The Subscription Agreement entered into by Defendant CGC and its predecessor-in-

interest, CCC, for each year that they subscribed to PIW further emphasized that copying is not

permitted and that unauthorized copying constitutes a violation of the Copyright Act.  The

Agreement, which was in effect on December 17, 2015, explicitly states that: "All unauthorized

reproductions, or disseminations or other uses of material contained in the EIG Services shall be

deemed willful infringement of EIG's copyright and/or other proprietary and intellectual

property rights."  Exhibit H at 4.

52.     Defendant CGC, as well as its predecessors-in-interest, accepted the terms and conditions

set forth in the Subscription Agreements as well as the subscription services provided by

Plaintiffs, including the OD Agreement, the PIW Agreement and the NGW Agreement.

53.     No agreement has ever authorized Defendants to copy, transmit, forward or distribute the

OD Copyrighted Works, PIW Copyrighted Works or NGW Copyrighted Works, including the

December 17, 2015 OD Copyrighted Work, the December 14, 2015 PIW Copyrighted Work and

the December 14, 2015 NGW Copyrighted Work in violation of Plaintiffs' registered copyrights.

The choice of law clause in the subscription agreements entered into by Defendant CGC in 2015

explicitly states that:

> This Subscription Agreement …shall be governed by and construed and
> enforced in accordance with the laws of the State of New York

See Exhibit G, at 5 and 10 and Exhibit H, at 5.

**D.     THE DEFENDANTS' INFRINGEMENT OF THE OD, PIW AND NGW COPYRIGHTED WORKS**

54.     Plaintiffs first learned that Defendants were engaged in unauthorized copying, use and distribution of the OD Copyrighted Works, the PIW Copyrighted Works, and the NGW Copyrighted Works on or about December 17, 2015.

55.     Prior to that date, on August 24, 2015, Plaintiffs received an email from Mr. John Syropoulo, a Canaccord Genuity employee from their London office, regarding Defendant CGC's subscription to PIW.  In his email, Mr. Syroploulo stated "Christy – do we still get this publication? I do not think I've seen it in weeks." Exhibit I.  Attached to the email was the August 3 issue of PIW.  The email, sent to Defendants' Customer Service inbox, was addressed to "Christy".

56.     Upon information and belief, this email was sent to EIG in error as the intended recipient was Ms. Christy Valette, the designated subscriber of the PIW subscription at Defendant CGC's Calgary office.

57.     On August 25, 2015, Ms. Deborah Brown, one of Plaintiffs' Account Services Managers notified Mr. Syropoulo by email that he was not listed as the designated recipient under Defendant CGC's subscription to PIW and that additional subscriptions could be purchased by Mr. Syropoulo and invited Mr. Syropoulo to purchase same.  A copy of Ms. Brown's August 25, 2015 email to Mr. Syropoulo is attached hereto as Exhibit J.  There was no response to Ms. Brown's email.

58.     On December 17, 2015, Mr. Derrick Dent, an EIG Account Manager, contacted Mr. Sam Burwell, Analyst at Defendant CG's New York office via telephone to inquire about an article that appeared in Plaintiffs' Energy Intelligence Finance ("EIF") publication in which Mr.

Burwell was quoted.  Mr. Burwell spoke briefly about the EIF article and his involvement in it.

Mr. Dent then asked Mr. Burwell about any other EIG publications that Burwell was familiar

with.  During the course of their telephone conversation, Mr. Burwell explained to Mr. Dent that

he received issues of OD, PIW and NGW.  Further, Mr. Burwell stated to Mr. Dent that his

colleague, Mr. Stephen Berman, Managing Director and Senior Analyst at Defendant CG's New

York office, and Berman's associates, as well as individuals in Houston and Canada received

copies of these publications, too.  Mr. Burwell advised that the distribution of these EIG

publications were coordinated out of CGC's Calgary office by Ms. Christy Valette.  Mr. Burwell

stated that he believed the issues of OD, PIW and NGW were sent to him and others via an auto

forwarding rule.

59.    Upon information and belief, Defendants' email servers and computer systems are highly

secure and only those individuals or entities that Defendants designate may access them.

60.    Upon information and belief, Defendants' email servers and computer systems cannot be

accessed by the general public or by Plaintiffs.

61.    Upon information and belief, despite notice of the numerous Copyright Notice and

Warnings against reproduction and copying and the explicit terms of the Agreement, Defendants

have been making unauthorized copies of the OD Copyrighted Works, the PIW Copyrighted

Works, and the NGW Copyrighted Works, and the articles contained therein, and forwarding or

otherwise distributing the same, including via auto forwarding, to Defendants' employees in

Defendants' offices located in New York, Houston, Canada and the United Kingdom, to access

and use Defendant CGC's single-copy subscription to OD, PIW, and NGW, all in violation of

Plaintiffs' copyrights in the OD Copyrighted Works, the PIW Copyrighted Works, and the NGW

Copyrighted Works.

62.    Plaintiffs have never authorized Defendants to copy, transmit or distribute the OD Copyrighted Works, the PIW Copyrighted Works, and/or the NGW Copyrighted Works.  As such, Defendants were and are not authorized to copy, transmit or distribute the OD Copyrighted Works, the PIW Copyrighted Works, and the NGW Copyrighted Works, or to authorize others to do so, and have infringed Plaintiffs' registered copyrights.

63.    Upon information and belief, Defendants actively and willfully concealed their regular and systematic copying and forwarding of the OD Copyrighted Works, the PIW Copyrighted Works, and the NGW Copyrighted Works, and the articles contained therein, from Plaintiffs, since Ms. Christy Valette became the designated recipient on or about July 9, 2012.

64.    By unlawfully copying, transmitting and distributing the OD Copyrighted Works, the PIW Copyrighted Works, and the NGW Copyrighted Works, Defendants have, and are, violating Plaintiffs' exclusive rights in the OD Copyrighted Works, the PIW Copyrighted Works and the NGW Copyrighted Works.

65.    Upon information and belief, Defendants' infringement of OD, PIW, and NGW has been regular and continuous, and is consistent with a pattern of systematic infringement of OD, PIW and NGW, constituting willful infringement of Plaintiffs' OD Copyrighted Works, the PIW Copyrighted Works and the NGW Copyrighted Works.

## COUNT ONE

**COPYRIGHT INFRINGEMENT OF THE OD COPYRIGHTED WORKS,**
**(17 U.S.C. § 501(a))**

66.    Plaintiffs repeat and re-allege each and every allegation made in paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67.     The OD Copyrighted Works are highly original and contain creative expression and independent analysis.  The individual works comprising the OD Copyrighted Works are each copyrightable subject matter under Section 102(a) of the Copyright Act, 17 U.S.C. § 102(a).

68.     Plaintiffs own all right, title and interest in and to the copyrights in the OD Copyrighted Works and the articles contained therein as separate and distinct works, and are the owners of valid copyright registrations and/or pending applications for the OD Copyrighted Works.  See Exhibits D.

69.     As the owners of the OD Copyrighted Works, Plaintiffs enjoy the exclusive right to (1) reproduce the OD Copyrighted Works and (2) distribute copies of the OD Copyrighted Works pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106.

70.     Copies of the OD Copyrighted Works were made available to, and were received by, Defendant CGC and its predecessors-in-interest pursuant to single-copy subscription agreements, which agreements prohibit any copying and distributing of the OD Copyrighted Works.

71.     Upon information and belief, Defendant CGC has for years infringed Plaintiffs' OD Copyrighted Works on a consistent and systematic basis, without Plaintiffs' authorization or consent, including by the reproduction and distribution of the OD Copyrighted Works, as set forth above, in violation of the Copyright Act, 17 U.S.C. §§ 106, 501.

72.     Upon information and belief, Defendant CG has for years infringed Plaintiffs' OD Copyrighted Works on a consistent and systematic basis, without Plaintiffs' authorization or consent, including by the reproduction and use of the OD Copyrighted Works, as set forth above, in violation of the Copyright Act, 17 U.S.C. §§ 106, 501.

73.     Upon information and belief, based on the inclusion of the Copyright Notice and Warnings (including those contained in the OD Copyrighted Works and the transmittal cover emails of said works) and the language in the subscription agreements, Defendants knew, and/or

were on notice of the existence of Plaintiffs' copyrights in the OD Copyrighted Works and, as a

result, pursuant to Section 401(d) of the Copyright Act, 17 U.S.C. § 401(d), Defendants are

unable to assert a defense of innocent infringement.  Therefore, Defendants' conduct was willful

and deliberate and/or undertaken with reckless disregard of the possibility that the conduct

complained about herein constitutes infringement of Plaintiffs' exclusive rights in and to the OD

Copyrighted Works.

74.     Defendants' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the

Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of

Plaintiffs' copyrights in the OD Copyrighted Works and the articles contained therein.

75.     Plaintiffs have no adequate remedy at law.

## COUNT TWO
## COPYRIGHT INFRINGEMENT OF THE PIW COPYRIGHTED WORKS
### (17 U.S.C. § 501(a))

76.     Plaintiffs repeat and re-allege each and every allegation made in paragraphs 1 through 75

of this Complaint as though fully set forth herein.

77.     The PIW Copyrighted Works are highly original and contain creative expression and

independent analysis.  The individual works comprising the PIW Copyrighted Works are each

copyrightable subject matter under Section 102(a) of the Copyright Act, 17 U.S.C. § 102(a).

78.     Plaintiffs own all right, title and interest in and to the copyrights in the PIW Copyrighted

Works and the articles contained therein as separate and distinct works, and are the owners of

valid copyright registrations and/or pending applications for the PIW Copyrighted Works.  See

Exhibit E.

79.     As the owners of the PIW Copyrighted Works, Plaintiffs enjoy the exclusive right to (1)

reproduce the PIW Copyrighted Works and (2) distribute copies of the PIW Copyrighted Works

pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106.

80.    Copies of the PIW Copyrighted Works were made available to, and were received by,

Defendant CGC and its predecessors-in-interest pursuant to single-copy subscription agreements,

which agreements prohibit any copying and distributing of the PIW Copyrighted Works.

81.    Upon information and belief, Defendant CGC has for years infringed Plaintiffs'

PIW Copyrighted Works on a consistent and systematic basis, without Plaintiffs' authorization

or consent, including by the reproduction and distribution of the PIW Copyrighted Works, as set

forth above, in violation of the Copyright Act, 17 U.S.C. §§ 106, 501.

82.    Upon information and belief, Defendant CG has for years infringed Plaintiffs'

PIW Copyrighted Works on a consistent and systematic basis, without Plaintiffs' authorization

or consent, including by the reproduction and use of the PIW Copyrighted Works, as set forth

above, in violation of the Copyright Act, 17 U.S.C. §§ 106, 501.

83.    Upon information and belief, based on the inclusion of the Copyright Notice and

Warnings (including those contained in the PIW Copyrighted Works and the transmittal cover

emails of said works) and the language in the subscription agreements, Defendants knew, and/or

were on notice of the existence of Plaintiffs' copyrights in the PIW Copyrighted Works and, as a

result, pursuant to Section 401(d) of the Copyright Act, 17 U.S.C. § 401(d), Defendants are

unable to assert a defense of innocent infringement.  Therefore, Defendants' conduct was willful

and deliberate and/or undertaken with reckless disregard of the possibility that the conduct

complained about herein constitutes infringement of Plaintiffs' exclusive rights in and to the

PIW Copyrighted Works.

84.    Defendants' aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the

Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of

Plaintiffs' copyrights in the PIW Copyrighted Works and the articles contained therein.

85.    Plaintiffs have no adequate remedy at law.

**COUNT THREE**
**COPYRIGHT INFRINGEMENT OF THE NGW COPYRIGHTED WORKS**
**(17 U.S.C. § 501(a))**

86.     Plaintiff EIG repeats and re-alleges each and every allegation made in paragraphs 1

through 85 of this Complaint as though fully set forth herein.

87.     The NGW Copyrighted Works are highly original and contain creative expression and

independent analysis.  The individual works comprising the NGW Copyrighted Works are each

copyrightable subject matter under Section 102(a) of the Copyright Act, 17 U.S.C. § 102(a).

88.     Plaintiff EIG owns all right, title and interest in and to the copyrights in the NGW

Copyrighted Works and the articles contained therein as separate and distinct works, and is the

owner of valid copyright registrations and/or pending applications for the NGW Copyrighted

Works.  See Exhibit F.

89.     As the owner of the NGW Copyrighted Works, Plaintiff EIG enjoys the exclusive right to

(1) reproduce the NGW Copyrighted Works, and (2) distribute copies of the NGW Copyrighted

Works, pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106.

90.     Copies of the NGW Copyrighted Works were made available to, and were received by,

Defendant CGC and its predecessors-in-interest pursuant to single-copy subscription agreements,

which agreements prohibit any copying and distributing of the NGW Copyrighted Works.

91.     Upon information and belief, Defendant CGC has for years infringed Plaintiff's

NGW Copyrighted Works on a consistent and systematic basis, without Plaintiff's authorization

or consent, including by the reproduction and distribution of the NGW Copyrighted Works, as

set forth above, in violation of the Copyright Act, 17 U.S.C. §§ 106, 501.

92.     Upon information and belief, Defendant CG has for years infringed Plaintiff's

NGW Copyrighted Works on a consistent and systematic basis, without Plaintiff's authorization

or consent, including by the reproduction and use of the NGW Copyrighted Works, as set forth above, in violation of the Copyright Act, 17 U.S.C. §§ 106, 501.

93.    Upon information and belief, based on the inclusion of the Copyright Notice and Warnings (including those contained in the NGW Copyrighted Works and the transmittal cover emails of said works) and the language in the subscription agreements, Defendants knew, and/or were on notice of the existence of Plaintiff's copyrights in the NGW Copyrighted Works and, as a result, pursuant to Section 401(d) of the Copyright Act, 17 U.S.C. § 401(d), Defendants are unable to assert a defense of innocent infringement.  Therefore, Defendants' conduct was willful and deliberate and/or undertaken with reckless disregard of the possibility that the conduct complained about herein constitutes infringement of Plaintiff's exclusive rights in and to the NGW Copyrighted Works.

94.    Defendants' aforesaid acts violate Plaintiff's exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiff's copyrights in the NGW Copyrighted Works and the articles contained therein.

95.    Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants on the foregoing claims as follows:

(1)    That Defendants, their directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from using and infringing any copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing derivative works of or from any of the copyrighted material contained in any past, present or future issue of *Oil Daily, Petroleum Intelligence Weekly*, and *Natural Gas Week*

including the OD Copyrighted Works, the PIW Copyrighted Works and the NGW Copyrighted Works, and the articles contained therein;

(2)     That Defendants be required to pay to Plaintiffs such actual damages as they have sustained and/or statutory damages as a result of Defendants' copyright infringement pursuant to 17 U.S.C. § 504;

(3)     That Defendants be required to account for, and disgorge to Plaintiffs all gains, profits and advantages derived from their copyright infringement pursuant to 17 U.S.C. § 504(b);

(4)     That Defendants be required to pay Plaintiffs an award of statutory damages, which should be increased due to Defendants' willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5)     That Defendants be ordered to disclose to Plaintiffs all third parties who received *Oil Daily, Petroleum Intelligence Weekly*, and *Natural Gas Week* from Defendants and/or their employee(s);

(6)     That the Court issue an Order requiring Defendants to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied on any of Plaintiffs' publications it received as a result of Defendants' unauthorized use of the OD Copyrighted Works, the PIW Copyrighted Works and the NGW Copyrighted Works;

(7)     That the Court enter judgment against Defendants in favor of Plaintiffs for all claims, including pre- and post-judgment interest, as allowed by law;

(8)     That the Court enter judgment against Defendants finding that their unlawful copying, transmittal, and/or distribution of the OD Copyrighted Works, the PIW Copyrighted Works, and the NGW Copyrighted Works and the articles contained therein is willful;

(9)     That Defendants be ordered to pay to Plaintiffs their costs in this action along with
reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

(10)    That Plaintiffs be granted such other, further and different relief as the Court deems
just and proper.

## JURY DEMAND

96.     Plaintiffs hereby demand a jury trial.


Respectfully submitted,

Dated: October 24, 2016            By:    /s/ Robert L. Powley
Robert L. Powley (RP7674)
James M. Gibson (JG9234)
Thomas H. Curtin (TC5753)
Keith E. Sharkin (KS1307)
Alysse E. Janet (AJ1412)

POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 202
New York, NY 10013
Telephone: (212) 226 5054
Facsimile: (212) 226 5085
rlpowley@powleygibson.com
jmgibson@powleygibson.com
thcurtin@powleygibson.com
kesharkin@powleygibson.com
aejanet@powleygibson.com

Counsel for Plaintiffs
ENERGY INTELLIGENCE GROUP, INC. and
ENERGY INTELLIGENCE GROUP (UK) LIMITED