**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**ENERGY INTELLIGENCE GROUP, INC. ET AL.,**

          Plaintiffs,

- against -

**CANACCORD GENUITY, INC., ET AL.,**

          Defendants.

16-cv-8298 (JGK)

MEMORANDUM OPINION AND ORDER

---

**JOHN G. KOELTL, District Judge:**

The plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively, "Energy Intelligence" or "the plaintiffs") sued Canaccord Genuity, Inc. and Canaccord Genuity Corp. ("Canaccord") for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* The plaintiffs are the publishers of daily and weekly newsletters covering developments and trends in the global energy industry. They claim that the defendants violated the plaintiffs' copyrights by auto-forwarding the publications from a sole subscriber in Canada to employees in offices located in New York, Houston, Canada, and the United Kingdom. The defendants now move to dismiss certain of the claims in the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. In particular, they ask the Court to dismiss (1) any claims for infringement prior to July 2012 and (2) any claims based on copying and

1

distribution that occurred outside the United States. The Court has jurisdiction under 28 U.S.C. § 1332(a). For the reasons explained below, the motion to dismiss is granted in part and denied in part.

## I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.; see

also Springer v. U.S. Bank Nat'l Ass'n, No. 15-cv-1107 (JGK), 2015 WL 9462083, at *1 (S.D.N.Y. Dec. 23, 2015).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Plumbers & Pipefitters Nat'l Pension Fund v. Orthofix Int'l N.V., 89 F. Supp. 3d 602, 607-08 (S.D.N.Y. 2015).

## II.

The following facts alleged in the complaint are accepted as true for the purposes of this motion to dismiss.

The plaintiffs publish newsletters that provide "news and analysis covering the key developments and trends in the North American energy industry, as well as the global oil and gas industries." Complaint ("Compl.") ¶¶ 10, 11. Those publications include, as relevant here, Oil Daily, Petroleum Intelligence Weekly, and Natural Gas Week. Id. ¶ 10. Subscribers to the plaintiffs' publications are individuals and organizations with an interest in the oil and gas markets, including consultants, bankers, investors, traders, commodity analysts, and others who sell goods or services to participants in the oil and gas

3

markets. Id. ¶ 12. The plaintiffs make the relevant publications available through various subscriptions or licensing agreements tailored to the needs of the consumer. Id. ¶¶ 18-19. Those with a subscription may receive the publications either by email or by password-protected access to the plaintiffs' website. Id. ¶ 19. Those who do not maintain a subscription or license agreement may purchase individual articles from the relevant newsletters on a pay-per-article basis for between $9 and $24 per article, and may purchase individual issues of the publications on a pay-per-issue basis for between $95 and $395. Id. ¶¶ 20-21.

The plaintiffs are owners of U.S. Copyright Registrations (or have applications pending) for volumes of Oil Daily, Petroleum Intelligence Weekly, and Natural Gas Week published between July 2012 and September 2016. Id. ¶¶ 24-28. The plaintiffs include a variety of copyright notices on their website, in emails, and in publications informing readers that the works of authorship are copyrighted and that "[u]nauthorized access or electronic forwarding, even for internal use, is prohibited." Id. ¶¶ 30-31. Beginning around June 2003, the defendants purchased either one or two single-copy subscriptions to Oil Daily, Petroleum Intelligence Weekly, and Natural Gas Week. See id. ¶¶ 35-53. The subscription agreements entered into by the defendants included a notification that the unauthorized

4

reproduction or dissemination of the publications would constitute willful infringement of the plaintiffs' copyrights. Id. ¶¶ 46, 51.

The gist of the plaintiffs' allegations is that the defendants willfully infringed those copyrights by purchasing one or two individual subscriptions to the relevant publications and then auto-forwarding those publications from an employee in Canada to the defendants' employees in other offices. See id. ¶ 61. In particular, the plaintiffs allege that, beginning in July 2012, copies of the publications for which the defendants had single-copy subscriptions were sent by email to Christy Valette, an employee in the defendants' Calgary office. Id. ¶¶ 43, 49, 56. They further allege that, upon receipt of the publications, Ms. Valette used auto forwarding to distribute the publications by email to employees in the defendants' offices in New York, Houston, Canada, and the United Kingdom. Id. ¶ 61.

The complaint asserts three counts of copyright infringement in violation of 17 U.S.C. § 501(a) -- one each for each of the three publications. See id. ¶¶ 66-95. The plaintiffs seek actual and statutory damages, fees, and injunctive relief. Id. pp. 27-28. The defendants now move to dismiss all three claims insofar as they seek to impose liability (1) for infringement predating July 2012 or (2) based on copying and distribution which occurred entirely outside the United States.

**III.**

**A.**

In asserting that the Court has personal jurisdiction over defendant Canaccord Genuity Corp, the complaint alleges that the defendants have "sent numerous email communications" to the plaintiffs in New York in order to "manage, update and renew its subscriptions to the publications [the] [d]efendants are alleged to have infringed in this lawsuit over a period of thirteen (13) years." Compl. ¶ 8. The defendants read this as equivalent to an allegation that the defendants' infringement has lasted for a period of thirteen years. Although inartfully worded, it is clear to the Court that the sentence is best read as a description of the period of time over which defendant Cannacord Genuity Corp. communicated with the plaintiffs over email.

In any event, the defendants move to dismiss any claim for infringement prior to July 2012 because the complaint does not allege any works infringed prior to July 2012; does not allege any copyright registrations for works predating July 2012; and does not allege any acts of infringement occurring prior to July 2012. The plaintiffs agree with that characterization of the complaint, and maintain that the complaint does not plead infringement prior to July 2012 in any event. See Mem. in Opp. to Mot. p. 4. Because the plaintiffs disclaim any allegation of

infringement prior to July 2012, the motion to dismiss any such claims is **denied as moot**.

**B.**

The defendants also move to dismiss any claims "based on alleged acts that took place entirely outside of the United States." Mem. in Supp. of Mot. p. 8. "The U.S. Copyright Act does not have extraterrorial application, and district courts do not have subject matter jurisdiction over infringement occurring outside of the United States." Levitin v. Sony Music Entm't, 101 F. Supp. 3d 376, 384 (S.D.N.Y. 2015); see also Update Art, Inc. v. Modin Publ'g, Ltd., 843 F.2d 67, 73 (2d Cir. 1988) ("It is well established that copyright laws generally do not have extraterritorial application."). "A narrow exception to this rule exists where an individual commits an infringing act in the United States that permits further infringement abroad." Cooley v. Penguin Grp. (USA) Inc., 31 F. Supp. 3d 599, 610 n.66 (S.D.N.Y. 2014); see Update Art, 843 F.2d at 73. In order for the exception to apply, "the copyright infringement plaintiff must first demonstrate that the domestic predicate act was itself an act of infringement in violation of the copyright laws." Levitin, 101 F. Supp. 3d at 385 (quotation marks omitted).

The defendants argue that any claim of infringement based on the transmission of the plaintiffs' publications from an

7

employee in Canada to employees in defendants' offices outside of the United States must be dismissed because, as to those claims, no domestic predicate act of infringement is alleged. The plaintiffs respond that the defendants' motion "does not provide any evidence that any acts of infringement occurred exclusively outside the U.S." Mem. in Opp. to Mot. p. 7. But the defendants rely on the complaint itself, which alleges that (1) the defendants received the plaintiffs' copyrighted works by email delivery to Ms. Christy Valette in the defendants' Calgary office; and (2) that the defendants infringed the plaintiffs' copyrights by auto forwarding those copyrighted works to other of defendants' employees, including those in offices "located in New York, Houston, Canada and the United Kingdom." Compl. ¶ 61. To the extent the plaintiffs allege infringement based on the delivery of the copyrighted works to the defendants' employee in Canada and the unauthorized copying and forwarding of those works to the defendants' employees in Canada or the United Kingdom, or anywhere else outside the United States, those claims must be dismissed, because such allegations do not include any conduct whatsoever in the United States, let alone a "domestic predicate act" of infringement. Levitin, 101 F. Supp. 3d at 385; see also Hutson v. Notorious B.I.G., LLC, 2015 WL 9450623, at *6 (S.D.N.Y. Dec. 22, 2015) (dismissing claim for copyright infringement based on an allegation that the

defendants reproduced and distributed the relevant sound recording outside the United States); Roberts v. Keith, 2009 WL 3572962, at *4 (S.D.N.Y. Oct. 23, 2009) (dismissing copyright claim against defendants who distributed the allegedly infringing album only in the United Kingdom and Europe).[1] Any such claims are therefore dismissed.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit.

For the reasons explained above, the defendants' motion to dismiss is **denied in part** as moot and **granted in part.** The Clerk is directed to close ECF No. 28.

**SO ORDERED.**

**Dated:** **New York, New York**
**May 10, 2017**

                                          ____/s/_____
                                              **John G. Koeltl**
                                      **United States District Judge**

---

[1] The defendants specify that they are not moving to dismiss "claims that allege acts of infringement of the U.S. Copyright Act by virtue of the alleged auto-forwarding of [the plaintiffs' works] into the United States." Mem. in Supp. of Mot. p. 10 n.1.